UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

COREY A. WILLIAMS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 03-cv-4184-JPG

## **MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Corey A. Williams's ("Williams") second Rule 60(b) motion for relief from judgment (Doc. 35). The court entered judgment (Doc. 11) on August 11, 2004, denying Williams's motion under 28 U.S.C. § 2255 (Doc. 1). The Court dismissed an earlier Rule 60(b) motion (Doc. 25) as an unauthorized second or successive petition because it reargued one of the issues he raised in his original § 2255 motion (Doc. 26). Williams's second Rule 60(b) motion attempts to raise new arguments that were not in his original § 2255 motion.

A post-judgment motion such as a Rule 60(b) motion that advances a new claim, that is, a new ground for relief from a conviction, or an attack on the Court's prior resolution of a ground for relief on the merits is a successive petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (*habeas* context); *see United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005) (considering post-judgment Rule 6(e) motion). However, a Rule 60(b) motion that does not assert or reassert claims of error in the conviction and instead points to a defect in the integrity of the § 2255 proceedings is not a successive petition. *Gonzalez*, 545 U.S. at 532; *see Scott*, 414 F.3d at 816. Generally, decisions to deny a petition based on the failure to exhaust state remedies, procedural default or the statute of limitations are not decisions on the merits and may be attacked in a Rule

60(b) motion without amounting to a successive petition. *Gonzalez*, 545 U.S. at 532 n. 4.

Williams's pending motion asserts new grounds for relief that were not raised in his original § 2255 motion. Although he claims to have raised these arguments in his original motion, his assertion is patently false; not even a hint of those arguments appears in that document. Therefore, Williams's current Rule 60(b) motion is a successive petition under the rule of *Gonzalez*. In order for this Court to consider a successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255, ¶ 8. *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). The Court of Appeals has not made such a certification. Therefore, the Court does not have jurisdiction to consider Williams's motion (Doc. 35) and **DISMISSES** it for **lack of jurisdiction**.

The Court further declines to issue a certificate of appealability regarding this matter. A § 2255 petitioner may not proceed on appeal without a certificate of appealability. 28 U.S.C. § 2253(c)(1); *see Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska*, 246 F.3d at 1045. To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Ouska*, 246 F.3d at 1046; *accord Tennard*, 542 U.S. at 282; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability should issue if the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong.")   The Court finds that Williams has not made such a showing and, accordingly, **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**
**DATED:   April 1, 2013**

                                                s/J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**